LINDA LEE LERA, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9988

September 19, 1977                    568 P.2d 581

*Jeffrey D. Sobel,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Jerry T. McGimsey,* Deputy District Attorney, Clark County, for Respondent.

**OPINION\***

*Per Curiam:*

Indicted for the felonious sale of a controlled substance (heroin), in violation of NRS 453.321 and NRS 453.161, Linda Lee Lera filed a pretrial petition for a writ of habeas corpus. By an unpublished order in case No. 9874, we dismissed Linda Lee Lera's previous appeal from the order denying her petition because the petition did not comply with the requirements imposed by NRS 34.370(2) and NRS 34.-370(3).

---

\*This opinion was filed, as an unpublished order, September 1, 1977. Because of the paucity of published authority on the issue we have been requested to publish the order as an opinion.

Thereafter, Ms. Lera filed a second petition for habeas which was compatible with the statutory provisions and, after hearing, the district court again deemed Lera's contentions to be without merit. This appeal follows.

Even if we assume the "second" habeas petition was permissible (*see* NRS 34.380(1)(c)(2)), this appeal is without merit.

Lera's claims in the district court, which are reasserted here, are that the indictment must be dismissed because: (1) the grand jury was illegally constituted; and, (2) there was insufficient evidence presented to the grand jury to establish that the substance she sold was, in fact, heroin.

1. Lera's attack on the legality of the grand jury is multifaceted. First, she points out the chief trial judge created a "conclusive presumption" that prospective jurors who failed to return the questionnaire, submitted to each of the potential jurors, within fifteen days were unwilling to serve. The thrust of her claim is that the procedure contravenes NRS 47.240 which, she argues, delineates a complete and exclusive list of conclusive presumptions. We reject the argument. The cited statute relates to evidentiary presumptions and has no relevance whatsoever to the administrative procedure of setting a time limit for the return of grand jury questionnaires.

2. Next, Lera argues the questionnaires sent by the judge went beyond the permissible scope of inquiry, i.e., information relating to the qualifications of potential jurors. An examination of the questionnaire indicates that this is simply not true. All the questions complained of are relevant to the potential juror's competence and ability to serve.

3. Lera also contends the clerk's certification of the list of 100 prospective grand jurors is defective because it lacks an oath or seal. No authority for such a requirement is offered.

4. Lera argues further that since two of the eleven judges of the Eighth Judicial District were absent during the selection process, the mandatory language of NRS 6.110(2) has gone unheeded. The statute provides, in part, that: "each district judge in rotation according to seniority shall select one name from the venire." The obvious purpose of the statute is to procure a random selection from the list and to prevent any one judge or faction from controlling the selection process. It is

inconceivable to us that the absence of two of eleven judges could upset this purpose. To so hold would be to strain the literal meaning of the statute to the point of preventing its feasible implementation. *Cf.* Western Pacific R. R. v. State, 69 Nev. 66, 241 P.2d 846 (1952).

5. Finally, Lera contends the empanelment of a second, or additional, grand jury in Clark County is illegal. NRS 6.110 provides that a grand jury may be selected "as often as the public interest may require." Policy considerations favor a construction of this phrase that allows as many grand juries as are necessary to deal with the volume of criminal activity. *See* State v. Loveless, 98 S.E.2d 773 (W.Va. 1957); State v. Price, 128 N.E. 173 (Ohio 1920). *See also* Fed.R.Crim.P. 6(a) and Advisory Committee Note.

6. Lera's second attack on the indictment is rejected on the basis of NRS 172.135(1). *See* Waid v. Sheriff, 88 Nev. 664, 504 P.2d 9 (1972), and cases cited therein. Accordingly, Lera's contentions are deemed to be without merit and we

ORDER the appeal dismissed.