WILLIAM BURNS, Appellant, *v.* SHERIFF, CARSON CITY, NEVADA, Respondent.

No. 10008

October 5, 1977                                          569 P.2d 407

*Charles M. Kilpatrick,* Carson City, for Appellant.

*Robert List,* Attorney General, and *Patrick B. Walsh,* Deputy Attorney General, Carson City, for Respondent.

**OPINION**

*Per Curiam:*

Indicted for murder (NRS 200.010), and attempted murder (NRS 200.010; NRS 208.070), William Burns petitioned for habeas corpus and now appeals from the order denying the requested relief.

Burns raised several contentions below, and reasserted them here.

1. First, Burns argues he is constitutionally entitled to a preliminary examination; thus, the grand jury proceeding violated his rights of equal protection and due process. The same argument has previously been considered and consistently rejected by this court. *See* Cairns v. Sheriff, 89 Nev. 113, 508 P.2d 1015 (1973), and its progeny.

2. The thrust of Burns's next challenge is directed to the manner in which the grand jury was chosen and impaneled. The allegations are not "supported by demonstrated facts, a requirement for consideration below, and for appellate review." Hardison v. Sheriff, 93 Nev. 64, 560 P.2d 148 (1977). *Cf.* NRS 6.110 and Lera v. Sheriff, 93 Nev. 498, 568 P.2d 581 (1977).

3. Burns's third assignment of error, in his words, is that "the indictment fails to inform defendant as to the nature and cause of the charges against him, in that it is overly broad and confusing." The thrust of his argument is that the "degree" of the charged homicides is not spelled out. The argument is rejected because "[i]t is permissible to simply charge murder and leave the degree to be stated by the jury." Howard v. Sheriff, 83 Nev. 150, 153, 425 P.2d 596, 597 (1967). In Graves v. Young, 82 Nev. 433, 438, 420 P.2d 618, 620 (1966), we said "[t]he words 'murder in the first degree' are a legal conclusion. The facts alleged in the indictment and proof at trial determine degree."

4. The final assignment is an omnibus challenge to the quantum of evidence presented to the grand jury. The district judge ruled there was sufficient evidence to meet the probable cause test delineated in NRS 172.155 and, in our view, the record amply supports that determination. Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).

"[W]e are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction." McDonald v. Sheriff, 89 Nev. 326, 327, 512 P.2d 774, 775 (1973).

Affirmed.