TIMOTHY MICHAEL BARNETT, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 11016

September 10, 1980                          616 P.2d 1107

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City, and *Robert Miller,* District Attorney, Clark County, for Respondent.

———

[1] The Chief Justice designated HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE E. M. GUNDERSON. Nev. Const. art. 6, § 19; SCR 10.

[2] The Governor, pursuant to art. 6, § 4, of the Constitution, designated Judge Addeliar D. Guy of the Eighth Judicial District Court to sit in the stead of MR. JUSTICE BATJER.

## OPINION

By the Court, GUNDERSON, J.:

A jury convicted appellant of possession of stolen property, a violation of NRS 205.275.[1]

On May 8, 1977, police officers recovered a stolen 19-inch color television set from Gloria Phillips. Witnesses testified that it was stolen from Jon Ridgeway's apartment on May 8, at approximately 3:30 p.m. Phillips testified that appellant offered to sell her a color television set about 3:00 p.m., approximately thirty minutes prior to the Ridgeway burglary. Appellant delivered Ridgeway's television set to Phillips about 5:30 p.m. the same day.

Over appellant's objection, the court gave the following instruction:

> Instruction No. 7:
>
> The recent unexplained possession of stolen property is evidence of the fact that the possessor of said property knew that it was stolen. The elements of this presumption are the property must be stolen, must be in the possession of the Defendant, the possession must be recent, and it must be otherwise unexplained. This may be sufficient to convict in the absence of other facts and circumstances which leave a reasonable doubt in the minds of the Jury.

Appellant contends that giving the instruction was reversible error. We agree. *Cf.* Hollis v. State, 96 Nev. 207, 606 P.2d 534 (1980). NRS 47.230(2) commands that a judge shall not direct

---

[1]NRS 205.275 provides in material part:

"205.275 Receiving, possessing, withholding stolen goods: Penalty; prima facie evidence.

"1. Every person who, for his own gain, or to prevent the owner from again possessing his property, buys, receives, possesses or withholds stolen goods, or anything the stealing of which is declared to be larceny, or property obtained by robbery, burglary or embezzlement:

"(a) Knowing that the goods or property were so obtained; or

"(b) Under such circumstances as should have caused a reasonable man to know that such goods or property were so obtained, shall be punished . . .''

the jury to find a presumed fact against an accused and NRS 47.230(3) expressly provides that instructions dealing with presumptions against the accused must be in permissive terms. *Id.*

In our view, Instruction No. 7 impermissibly declared unexplained possession of recently stolen property to be evidence that the possessor knew it was stolen, and also to be sufficient to convict him of the crime charged. The instruction does not merely instruct the jury that possession of recently stolen property is a circumstance tending to justify an inference of knowledge, nor does it direct the jury to weigh the circumstance of possession of recently stolen property with other evidence in reaching a verdict. No other instruction cured these deficiencies. The appellant argues, and we agree, that the instruction effectively relieved the prosecution of its burden of proof on an essential element of the crime and, therefore, reversal is required. *Id.*

In view of our disposition of the case, we need not consider appellant's contention that Instruction No. 7 violated constitutional due process. State v. Plunkett, 62 Nev. 265, 149 P.2d 101 (1944).

Inasmuch as the case is remanded for new trial, other claimed errors need not necessarily recur and we do not choose to discuss them, except to note that it was not improper to allow the pawnbroker's testimony as to value. *See* Cleveland v. State, 85 Nev. 635, 461 P.2d 408 (1969).

Reversed and remanded for new trial.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.