WILLIAM BURNS, NATHAN F. KIMMEL, and RAYMOND A. LOVELL, Appellants, v. THE STATE OF NEVADA, Respondent.

No. 11041

October 29, 1980                                    618 P.2d 881

*Jacquette & Kilpatrick,* Carson City, for Appellant Burns.

*Robert F. Butler,* Reno, for Appellant Kimmel.

*William K. Lohse,* Reno, for Appellant Lovell.

*Richard H. Bryan,* Attorney General, Carson City, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

This case grows out of a riot at the Maximum Security Prison in Carson City. Appellants Lovell and Kimmel were each convicted of two counts of first degree murder and six counts of attempted murder. Appellant Burns was convicted of one count of battery with use of a deadly weapon. Burns, Kimmel, and Lovell appeal their convictions, alleging numerous errors in the conduct of the trial, which we reject. We therefore affirm.

### THE FACTS

On September 27, 1976, there was an altercation between white and black prisoners. Evidence presented at trial showed that racial tensions were high, that certain white and Indian prisoners planned a retaliatory attack on the black prisoners.

The attack took place when a riot occurred in the mess hall of the prison on October 10, 1976, leaving two black prisoners dead, and four black prisoners wounded, two seriously.

The state charged eighteen white and Indian prisoners with two counts of open murder and six counts of attempted murder. In this case, appellants Burns, Kimmel and Lovell were tried with two other prisoners, Chism and Bender.

Chism was permitted to plead guilty to one count of second degree murder during the trial, and testified for the state. Bender was acquitted of all charges.

The evidence at trial showed that appellants Kimmel and Lovell participated in the planning of the attack, and that each had stabbed at least one black prisoner. Appellant Burns admitted striking one black prisoner with a weighted sock, but claimed he had acted in self defense.

The jury found Burns guilty of battery with use of a deadly weapon, and found Lovell and Kimmel guilty of two counts of first degree murder and six counts of attempted murder.

## THE ASSIGNMENTS OF ERROR

1. Initially, appellant Burns claims that the indictments below were too vague to give him notice of the charges. This claim was rejected by this Court in Burns v. Sheriff, 93 Nev. 530, 569 P.2d 407 (1977). That decision is now the law of this case, and Burns may not renew his challenge to the indictment. Hall v. State, 91 Nev. 314, 535 P.2d 797 (1975).

2. Appellant Lovell contends that it was error for the trial court to refuse to grant a mistrial when it appeared that the jury had been exposed to certain publicity about a separate trial of another group of defendants arising from the riot. We do not agree. The trial court conducted extensive individual voir dire examinations of the jurors. The judge excused two jurors who may have been influenced by the publicity. Two other jurors, who had heard of the publicity, but who stated that they had not been influenced by it, were permitted to remain on the jury. The remaining jurors had not been exposed to the publicity. In view of the extensive voir dire and the repeated admonitions of the trial court, Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968), and under the totality of the circumstances of this case, see Marshall v. United States, 360 U.S. 310, 312 (1959), the limited exposure of two jurors to publicity about another trial did not raise such a probability of prejudice that the circumstances of the trial were rendered inherently suspect. See Sheppard v. Maxwell, 384 U.S. 333 (1966); Estes v. Texas,

381 U.S. 532 (1965); Turner v. Louisiana, 379 U.S. 466 (1965). The district judge therefore did not err in refusing to grant a mistrial.

3. Appellant Kimmel also suggests that the trial court erred by ruling that the witnesses be shown their prior statements when they were cross-examined. NRS 50.135 provides that a prior inconsistent statement "need not be shown nor its contents disclosed to" the witness. It appears from the transcript of the trial that many of the witnesses (some of whom had testified up to five times previously with respect to this matter) were confused as to which previous statements defense counsel were inquiring about. Commentary on Federal Rule of Evidence 613, from which NRS 50.135 was taken, indicates that the trial court has discretion, in its control over interrogation and the presentation of evidence, *see* NRS 50.115, to require that a witness be shown an allegedly inconsistent statement before being examined about it. Federal Rules of Evidence, 75 F.R.D. 89, 352 (1976); *see also,* United States v. Rogers, 549 F.2d 490 (8th Cir. 1976). We hold therefore that, in this case, where the possibility of confusion was obvious, the trial judge was within his discretion in requiring that the allegedly inconsistent statements be shown to the witnesses. *See* 10 Moore's Federal Practice § 613.01[3](a) (2d ed. 1979).

4. Questions have been raised relating to the testimony of two accomplice witnesses, Pittman and Chism. Pittman had charges pending against him because of the prison riot, and Chism testified before his plea bargain had been completely performed by the state. Appellants in this case assert, as grounds for reversal, that admission of the Pittman and Chism testimony require reversal under Franklin v. State, 94 Nev. 220, 577 P.2d 860 (1978).[1]

With respect to the testimony of Pittman, the rationale of *Franklin* does not apply. Although he had apparently been charged with several crimes (the record does not reflect what charges were pending against him), there is no evidence in the record before us that the state had entered into any plea bargain with him in exchange for his testimony, or had offered or obtained any sort of immunity for him. This distinguishes this case from *Franklin*. If Pittman had not wished to testify, his privilege against self-incrimination remained, and there was no pressure of a conditional plea bargain to compel his testimony. The rule of *Franklin* is therefore inapplicable to this situation.

---

[1] Although *Franklin* was decided after the trial at issue here, both parties assume that the decision is applicable to this case.

The state permitted Chism to plead guilty to one count of second degree murder during the trial. The change of plea was made and accepted outside the presence of the jury, in order to minimize the possibility of prejudice to the other defendants. United States v. Kelly, 349 F.2d 720, 767 (2d Cir. 1965). In return for Chism's testimony and his plea to one count of second degree murder, the prosecution moved to dismiss only the other count of open murder. The remaining six counts of attempted murder were not dismissed until the completion of Chism's testimony. This was a violation of the *Franklin* rule.

The state may bargain properly for an accomplice's testimony by offering the bargain on the condition that the accomplice testify "fully and fairly." If the accomplice should refuse to testify, after the bargain has been approved by the court and the plea accepted, the state may move to revoke the bargain. If the accomplice testifies, but the state believes that the testimony is false, it may institute a prosecution for perjury. Gamble v. State, 95 Nev. 904, 604 P.2d 335 (1979). What the state may not do is bargain for testimony, and withhold its performance (whether it is moving for acceptance of a plea or dismissal of other charges) until after the accomplice has testified.

Our conclusion that the *Franklin* rule was violated in this case, however, does not dispose of the issue. In order for reversal to be appropriate, the state's case must have relied substantially upon the testimony of the accomplice for whose testimony it bargained. Franklin v. State, 94 Nev. at 223, 577 P.2d at 861. Upon review of the record, we are convinced beyond a reasonable doubt that appellants' convictions would have occurred without Chism's testimony. Chism's testimony with respect to Kimmel was exculpatory, if anything; and his testimony with respect to Burns and Lovell added nothing substantial to the state's case. Since we conclude that admission of this testimony was ·not prejudicial to appellants, we shall not reverse.

As the appellants have not demonstrated that any prejudicial error was committed in the trial, we affirm their judgments of conviction.

THOMPSON, GUNDERSON, and BATJER, JJ., concur.

MANOUKIAN, J., concurring:

Although I concur in the result of the opinion of the court, I disagree that the prosecutorial tactics involving the plea bargaining with the defendant Chism, violated his codefendants'

rights to due process. Here, during the trial, the state offered Chism the opportunity to plead guilty to one count of second degree murder. Although the plea was entered prior to the trial's progressing any further, and the remaining count, which also charged open murder, was dismissed, the several other charges of attempted murder were left in abeyance pending completion of Chism's testimony. The majority terms this a violation of Franklin v. State, 94 Nev. 220, 557 P.2d 860 (1978). I would not assign error to that issue. My basis for disagreement is two-fold.

First, I believe that *Franklin,* a near carbon copy of People v. Medina, 116 Cal.Rptr. 133 (Cal.App. 1974), represents bad precedent as well as an unreasonable intrusion into legitimate prosecutorial prerogatives. I am no more disposed today than I was in *Franklin,* "to establish yet another technicality in criminal procedure hitherto unknown to Nevada Criminal jurisprudence. . . ." Franklin v. State, 94 Nev. at 228, 577 P.2d at 865 (MANOUKIAN, J., dissenting). Indeed, not only is *Medina* a product of a California district appeals court, but there were no other reported judicial opinions in the United States or Canada, that went to the liberal extreme of *Medina,* fact for fact. *See* Rex v. Robinson, 70 D.L.R. 755, 30 B.C. 369 (1921).

Second, reluctantly recognizing the precedential viability of *Franklin,* there is no showing in the instant case that Chism did not "render a full, fair, and accurate account of the facts out of which the charge arose." *Franklin,* 94 Nev. at 223, 577 P.2d at 862.

I believe that the Chism plea bargaining issue is controlled by the principles established in LaPena v. State, 92 Nev. 1, 6, 544 P.2d 1187, 1190 (1970), where we held that although the accomplice's "participation in the crimes may have warranted a more serious charge than second degree murder, plea bargaining is permissible." It is clear that until *Franklin,* grants of immunity generally remained permissible "[u]ntil legislatively [or otherwise] forbidden." LaPena v. State, 92 Nev. at 6, 544 P.2d at 1190. *See also* Santobello v. New York, 404 U.S. 257 (1971). This is not a case for such limitation.

Although I join in the affirmance, I believe it to be unnecessary for the majority to find error, harmless or otherwise, incidental to Chism's bargained for testimony.