RUSSELL WINFIELD WADE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12109

July 15, 1981                                              630 P.2d 1219

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*David B. Small,* District Attorney, and *William A. Maddox,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of lewdness with a child under the age of fourteen. NRS 201.230. During the trial the court gave the following instruction:

> Upon the question of intent, the law presumes a person to intend the reasonable and natural consequences of any act intentionally done; and this presumption of law will always prevail, unless, from a consideration of all the evidence bearing upon the point, the jury entertain a reasonable doubt whether such intention did exist.

Appellant contends that giving the instruction was reversible error. We agree.

In our view, the challenged instruction does not merely instruct the jury that the defendant's acts are circumstances tending to justify a finding of intent, nor does it direct the jury to weigh the circumstances of his acts with other evidence. *See* NRS 47.230. The instruction is phrased in mandatory language similar to the instructions this court deemed as error in Barnett v. State, 96 Nev. 753, 616 P.2d 1107 (1980) and Hollis v. State, 96 Nev. 207, 606 P.2d 534 (1980). Accordingly, for the reasons stated in and on the authority of *Barnett* and *Hollis,* reversal is required.

Inasmuch as the case is remanded for a new trial, other claimed errors need not necessarily recur and we do not choose · to discuss them, except to note that appellant was not denied right to counsel at his preliminary examination. *See* State v. MacKinnon, 41 Nev. 182, 168 P. 330 (1917). *See also* Johnson

v. State, 90 Nev. 352, 526 P.2d 696 (1974) (decision to grant a continuance is within the sound discretion of the court.)
Reversed and remanded for new trial.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and CHRISTENSEN, D. J.[1], concur.