FRANK RALPH LaPENA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10009

April 13, 1982 643 P.2d 244

*Wiener, Goldwater, Waldman & Gordon, Ltd.; Richard A. Wright,* Las Vegas, for Appellant.

*Richard Bryan,* Attorney General; *Robert J. Miller,* District Attorney, Las Vegas, for Respondent.

---

## OPINION

By the Court, SPRINGER, J.:

Frank LaPena has appealed from convictions of robbery and first degree murder. The convictions are reversed because the prosecution's case depended substantially upon out-of-court statements and preliminary examination testimony obtained from a purported accomplice, Jerry Weakland, who testified pursuant to an executory conditional plea bargain.

Weakland was apprehended for the robbery and murder of Hilda Kraus. He ultimately admitted that he had robbed the woman and killed her. At the time of Weakland's preliminary examination, he agreed to cooperate with the prosecution by implicating appellant LaPena. In exchange for his testimony that LaPena had contracted with him for the murder, Weakland was to be allowed to plead guilty to second degree murder and receive a sentence of five years to life imprisonment. Under the agreement, robbery and all other charges were to be dropped, including charges unrelated to the subject incident.

Weakland testified at LaPena's preliminary examination, incriminating LaPena in accordance with his previous statements to prosecuting officials. Thereafter the state kept its bargain. Weakland pleaded guilty to second degree murder and received the promised sentence. All other charges were dismissed.

Weakland was subsequently called to testify at LaPena's trial. He stated under oath that his testimony at LaPena's preliminary examination and his prior statements to the prosecution were untrue; he said that he had incriminated LaPena under pressure from the police to do so. Weakland refused to testify any further concerning LaPena's alleged involvement in the robbery and murder. The trial court later admitted into evidence Weakland's prior testimony and his previous written and videotaped statements to police officials.

The trial court committed reversible error by admitting into evidence Weakland's statements incriminating LaPena. The admission into evidence violated the rule established in Franklin v. State, 94 Nev. 220, 577 P.2d 860 (1978) and reaffirmed in Burns v. State, 96 Nev. 802, 618 P.2d 881 (1980). In those decisions we disapproved the practice of withholding the benefits of

a plea bargain or promise of leniency until after a purported accomplice had testified in a particular manner. We see no meaningful distinction between the facts of this case and *Franklin*. The prosecution did not permit Weakland to reap the benefit of his bargain until after he had incriminated LaPena at the preliminary examination. The plea bargain was thereby used to induce cooperation. At trial Weakland said as much, claiming to have been coerced into making the incriminating statements. Since the prosecution relied substantially on Weakland's incriminating statements in developing its case against LaPena, we cannot find the improper admission of evidence harmless beyond a reasonable doubt. *See Burns, supra*.

Accordingly, the judgment of conviction is reversed.

GUNDERSON, C. J., MOWBRAY, J., and ZENOFF, SR. J.,[1] concur.

MANOUKIAN, J., dissenting:

I cannot agree with the majority that "the trial court committed reversible error by admitting into evidence Weakland's statements incriminating LaPena." My bases for disagreement are clearly set forth in my separate opinions in Franklin v. State, 94 Nev. 220, 227, 577 P.2d 860, 864 (1978) (Manoukian, J., dissenting, with Mowbray, J.) and Burns v. State, 96 Nev. 802, 806, 618 P.2d 881, 884 (1980) (Manoukian, J., concurring).

I would affirm the judgment of conviction.

--------

[1]The Chief Justice designated HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6 § 19; SCR 10.