## DANNY RAY BAILEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14827

October 4, 1984                                    688 P.2d 320

*Morgan D. Harris,* Public Defender and *Craig D. Creel,* and *Jackie Naylor,* Deputy Public Defenders, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

On August 24, 1982, appellant Danny Ray Bailey met the victim in this case and visited his home. Later that evening, Bailey robbed the victim at gunpoint of several items of personal property. He then fired several shots at the victim, wounding him at least three times. Bailey claimed he shot the victim out of fear and harbored no intent to kill. The victim survived, and Bailey was convicted of robbery and "attempted involuntary manslaughter" as a lesser-included offense of the original charge of attempted murder. The jury found that Bailey used a deadly weapon in the commission of both offenses. He was sentenced to six years for the attempted manslaughter and a consecutive thirty years for the robbery.[1] On appeal, he raises three assignments of error, one of which necessitates reversal of the attempted manslaughter conviction.

Appellant first contends that his conviction for "attempted involuntary manslaughter" must be reversed because that particular crime does not exist in our jurisprudence. We agree.

Involuntary manslaughter is by definition an unintentional killing. *See* NRS 200.070; *see also* Parsons v. State, 74 Nev. 302, 329 P.2d 1070 (1958). The crime of attempt, however, requires that the accused formulate the intent to commit the crime attempted; absent proof of the element of intent, a conviction for attempt cannot stand. *See* Moffett v. State, 96 Nev. 822, 618 P.2d 1223 (1980). Appellant argues that it is logically impossible to attempt to commit an unintentional act. This contention has merit. Because "[t]here is no such criminal offense as an attempt to achieve an unintended result," People v. Viser, 343 N.E.2d 903, 910 (Ill. 1975), the crime of "attempted involuntary manslaughter" is logically impossible. *See* People v. Van Broussard, 142 Cal.Rptr. 664 (Ct.App. 1977); State v. Almeda, 455 A.2d 1326 (Conn. 1983); Com. v. Hebert, 368 N.E.2d 1204 (Mass. 1977); Gonzales v. State, 532 S.W.2d 343 (Tex.Crim.App. 1976). *See also* La Fave & Scott, *Handbook of Criminal Law* 430 (1972); Smith, *Two Problems in Criminal Attempts,* 70 Harv.L.Rev. 422, 434 (1957). *Cf.* Ramos v. State, 95 Nev. 251, 592 P.2d 950 (1979) (reversing

---

[1]Both sentences include the appropriate enhancements for use of a deadly weapon. *See* NRS 193.165.

conviction of attempted second degree murder where no showing of intent to kill, and citing *Viser* with approval).[2]

Since the crime of "attempted involuntary manslaughter" does not exist, appellant's conviction therefor must be reversed. We reach this result notwithstanding the failure of defense counsel to object to the instruction on this offense as a lesser-included offense of attempted murder. A crime whose existence is logically impossible cannot be given the breath of life by a procedural dereliction of counsel.

Anticipating our ruling in his favor on the issue just discussed, appellant next argues that retrial on the originally charged offense of attempted murder, as well as all of its lesser-included offenses, is barred by double jeopardy. Appellant refers us to the "implied acquittal" rule laid down in Green v. United States, 355 U.S. 184 (1957), which he claims bars retrial on attempted murder and attempted voluntary manslaughter, and of course reasserts his position that "attempted involuntary manslaughter" is a non-existent crime.[3] We conclude, however, that unless and until the state refiles the attempted murder charge, the double jeopardy claim is premature; accordingly, we decline to address it at this time. On remand, if the state refiles the murder charge, appellant may raise his double jeopardy claim in district court by the appropriate motion.

Finally, appellant contends that both of his convictions are infected by *Franklin* error. Franklin v. State, 94 Nev. 220, 577 P.2d 860 (1978); *see* LaPena v. State, 98 Nev. 135, 643 P.2d 244 (1982). Of course, this contention is academic with respect to the attempted manslaughter conviction. With respect to the robbery conviction, we have concluded that the record before us demonstrates that no *Franklin* error occurred.

Appellant has raised no meritorious challenge to his conviction for robbery with the use of a deadly weapon. Accordingly, we hereby affirm that conviction. For the reasons set forth above, appellant's conviction for "attempted involuntary manslaughter" is reversed. This matter is remanded to the district court for a determination of whether the state intends to refile the original attempted murder charge, and for subsequent consideration of appellant's double jeopardy claim if and when such claim is properly presented to the district court.

---

[2]The state conceded the merit of this issue at oral argument.

[3]Appellant's argument does not address itself to the lesser-included offense of battery with a deadly weapon, on which the jury was instructed but apparently returned no verdict.