NATHAN F. KIMMEL, Appellant, *v.* WARDEN OF THE NEVADA STATE PRISON, Respondent.

No. 14761

January 3, 1985          692 P.2d 1286

*Thomas E. Perkins,* State Public Defender, and *Jerald Courtney* and *Robert Morris,* Deputy State Public Defenders, Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Dan Reaser,* Deputy Attorney General, Carson City, for Respondent.

---

# OPINION

*Per Curiam:*

In 1978, appellant was convicted upon jury verdict of two counts of first degree murder and six counts of attempted murder. Appellant's conviction was affirmed on direct appeal by this court in Burns v. State, 96 Nev. 802, 618 P.2d 881 (1980). In February of 1983, appellant brought a post-conviction petition for a writ of habeas corpus in the district court, challenging the propriety of a jury instruction which had been given at his trial. The district court denied the petition and this appeal ensued. For the reasons set forth below, we affirm the district court's ruling.

Appellant challenges a jury instruction given at his trial, on the ground that the instruction created an impermissible presumption of intent, in violation of Wade v. State, 97 Nev. 350, 630 P.2d 1219 (1981).[1] *See also* Sandstrom v. Montana, 442 U.S. 510 (1979). Appellant, however, did not object to this instruction at the time of trial, and did not raise the issue on his direct appeal. The district court, in its order denying appellant's habeas petition, excused these failures on the ground that the law in this area was not yet settled at the time of appellant's trial in 1978 or at the time his direct appeal was decided in 1980. In particular, the district court noted that the case of Wade v. State, *supra,* which invalidated a jury instruction identical to the one now being challenged by appellant, was not decided until 1981. The district court then concluded that the challenged instruction was improper under *Wade,* but found that any error in giving the instruction was harmless beyond a reasonable doubt in view of the overwhelming evidence of appellant's guilt presented at his trial.

We express no opinion at this time concerning whether any error in the giving of the challenged instruction can be viewed as being harmless under the particular circumstances of this case. *Cf.,* Connecticut v. Johnson, 460 U.S. 73, 103 S.Ct. 969 (1983) (giving of a jury instruction which established a conclusive presumption of defendant's intent cannot be viewed as harmless

---

[1]The jury instruction in question read as follows:

Upon the question of intent, the law presumes a person to intend the reasonable and natural consequences of any act intentionally done; and this presumption of law will always prevail, unless from a consideration of all the evidence bearing upon the point, the jury entertain a reasonable doubt whether such intention did exist.

error except in very narrowly defined circumstances). Instead, we have concluded that appellant's failure to raise this claim earlier precluded review of the merits of appellant's argument, since appellant has not in fact established good cause for this failure. *See* Junior v. Warden, 91 Nev. 111, 532 P.2d 1037 (1975) (defendant must establish good cause for failure to raise issue on direct appeal in order to raise issue for first time in a post-conviction habeas corpus proceeding.)

Good cause for the failure to raise this issue on direct appeal might have existed if in fact the law at the time of appellant's appeal was unsettled, and if in fact Wade v. State, *supra,* had presented a novel interpretation of the law in this state, as concluded by the district court. *See generally* Reed v. Ross, ...... U.S. ......, 104 S.Ct. 2901 (1984); St. Pierre v. State, 96 Nev. 887, 620 P.2d 1240 (1980). *Wade,* however, did not present a novel or unforeseeable interpretation of Nevada law. The holding in *Wade* was instead based on a highly foreseeable interpretation of existing Nevada law. In particular, in *Wade* we concluded that the jury instruction given in that case violated NRS 47.230, which has been in existence since 1971, and which clearly and expressly prohibits the giving of *any* instructions on presumed intent.[2] Additionally, *Wade* referred to two Nevada cases decided prior to the time appellant's direct appeal was decided, in which this court applied NRS 47.230 to invalidate two similar instructions on presumed intent. *See* Barnett v. State, 96 Nev. 753, 616 P.2d 1107 (1980); Hollis v. State, 96 Nev. 207, 606 P.2d 534 (1980).[3]

Accordingly, there was nothing novel or unforeseeable about our holding in *Wade,* and appellant therefore could have reasonably been expected to raise this issue on his direct appeal. Since appellant has been otherwise unable to establish good cause for his failure to do so, the district court was precluded from reviewing the merits of appellant's claim. *See* Junior v. Warden, *supra.* We therefore affirm the judgment of the district court denying

---

[2]NRS 47.230(2) provides that:

> The judge shall not direct the jury to find a presumed fact against the accused.·

[3]Appellant's direct appeal was docketed in this court on August 11, 1978. Oral argument on the appeal, however, was not heard until September 11, 1980, and the appeal was not disposed of until October 29, 1980. During the interim period, not ony were *Hollis* and *Barnett* decided by this court, but the United States Supreme Court also handed down its decision in Sandstrom v. Montana, *supra,* which invalidated a presumption of intent instruction using language similar to the language used in the instruction challenged in the present case. Appellant, however, has failed to present this court with any explanation concerning why he did not even attempt to file a supplemental brief in this court after these cases were decided to discuss what application they might have to his case.

appellant's habeas petition. *See generally* Hotel Riviera, Inc. v. Torres, 97 Nev. 399, 632 P.2d 1155 (1981) (if lower court's judgment is otherwise correct, it will not be disturbed on appeal even though lower court relied upon the wrong reasons in reaching its judgment); *see also* Cunningham v. State, 100 Nev. 396, 683 P.2d 500 (1984).

Affirmed.