RICHARD SUMNER McKINNON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 11949

November 3, 1980                    618 P.2d 1222

*Greenman & Goldberg,* of Las Vegas, for Appellant.

*Robert J. Miller,* District Attorney, and *James N. Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

McKinnon was charged with having committed the crime of attempted murder. He was convicted of the crime of resisting a public officer while using a dangerous weapon. The issue on appeal is whether the crime of resisting a public officer is a lesser included offense of the crime of attempted murder.

Statute declares that a defendant may be found guilty of an offense necessarily included within the offense charged. NRS 175.501. On the other hand, if the offense for which the defendant is found guilty is not necessarily included within the

offense charged, the conviction is void and must be set aside. State v. Carter, 79 Nev. 146, 379 P.2d 945 (1963).

The crime of attempted murder is an attempt to unlawfully kill a human being with malice aforethought, either express or implied. NRS 208.070; NRS 200.010. The crime of resisting a public officer is complete when one willfully resists, delays or obstructs a public officer in discharging or attempting to discharge any legal duty of this office. NRS 199.280.

If the offense charged cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. Lovell v. State, 92 Nev. 128, 546 P.2d 1301 (1976); Holland v. State, 82 Nev. 191, 414 P.2d 590 (1966); Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966). One need only read the mentioned statutes to know that a murder may be attempted without committing the offense of resisting a public officer. Consequently, we annul the conviction of McKinnon for the crime of resisting a public officer since it is not an offense necessarily included within the charge of attempted murder.

Reversed.

Mowbray, C. J., and Gunderson, Manoukian, and Batjer, JJ., and Young, D. J.,[1] concur.

[1]The Governor designated the Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of The Honorable Gordon Thompson, Justice.