SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, v. JOSEPH CHARLES BLASKO, RESPONDENT.

No. 13893

June 25, 1982                                        647 P.2d 371

[Rehearing denied December 16, 1982]

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Appellant.

*Heaton & Wright,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The Sheriff of Clark County has appealed from a district court order granting Joseph Charles Blasko's petition for a writ of habeas corpus.[1]

Blasko was charged, by grand jury indictment, with burglary, attempted grand larceny, possession of burglary tools, and conspiracy to commit burglary. In granting the writ, the district court found that the state had not adequately pleaded the conspiracy count; that the attempted grand larceny count was an improper attempt by the state to impose double punishment for the burglary; and that there was insufficient evidence to establish probable cause to hold Blasko on any of the counts.

1. The Sheriff first contends that the district court erred by concluding that the conspiracy count had been inadequately pleaded. NRS 173.075(1) provides in pertinent part: "The

---

[1]Blasko has moved to dismiss this appeal on the ground that the notice of appeal was untimely filed. *See* NRS 34.380(4). We note that substantial confusion was created by the existence of two orders granting habeas relief. Having considered the arguments of the parties, we deny the motion to dismiss. *See* Ross v. Giacomo, 97 Nev. 550, 635 P.2d 298 (1981).

indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." An accusation must include such a description of the acts alleged to have been committed as will enable the accused to defend against the accusation. Lane v. Torvinen, 97 Nev. 121, 624 P.2d 1385 (1981); Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972). In upholding a conspiracy indictment, we recently stated:

> The gist of the crime of conspiracy is the unlawful agreement or confederation. [Citation omitted.] Counts II and IV in the present case include allegations as to the date and place of the conspiracy, the object of the conspiracy, and the means by which the conspiracy was to be accomplished. The district court properly found that the conspiracy counts are adequate.

Lane v. Torvinen, *supra,* 624 P.2d at 1386. Here, by contrast, the indictment does not specify the place of the conspiracy or the means by which the conspiracy was to be accomplished. We conclude, as did the district court, that the conspiracy count is not definite enough to enable Blasko to defend against the accusation. The order granting the petition for a writ of habeas corpus, as it relates to the conspiracy count, is affirmed.

2. The Sheriff next contends that the district court erred by granting habeas relief as to the attempted grand larceny count. In granting the writ, the district court concluded that the charge of burglary with intent to commit grand larceny necessarily included the attempt to commit grand larceny. We are not persuaded by the district court's analysis. Attempted grand larceny can be an offense separate and distinct from burglary. Warden v. Peters, 83 Nev. 298, 429 P.2d 549 (1967). In *Peters,* this court stated: "The attempt [to commit grand larceny] here was an offense separate and distinct from the burglary and was charged in the information as such." *Id.* at 303, 429 P.2d at 552. In this case, as in *Peters,* the attempted grand larceny was an offense separate and distinct from the burglary. The burglary count was based on the entry of Bertha's Gifts and Home Furnishings, with intent to commit grand larceny. The attempted grand larceny count was based on an alleged attempt to break and enter a vault located inside Bertha's. The order granting Blasko's habeas petition, as it relates to the attempted grand larceny count, is reversed.

3. The Sheriff's final contention is that the district court erred by concluding that there was insufficient evidence to establish probable cause to hold Blasko on any of the counts.

In Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981), we held that, absent a showing of substantial error on the part of the district court, this court will not overturn the granting of a pretrial habeas petition for lack of probable cause.

Our review of the record reveals that the burglary in this case allegedly involved six participants. The three participants who actually did the breaking and entering were apprehended on the roof of Bertha's. Two other participants were found driving separate vehicles in the area of Bertha's. Blasko was apprehended in a white van parked in Commercial Center near Bertha's. The police were watching the van because of information they had received that a white van bearing a Superman figure on the side would be equipped with radios to warn those on the roof of any police activity in the area.[2] During the burglary, the police observed Frank Cullotta, an alleged participant in the burglary, pull his car up next to the van and speak into a radio. Later, Cullotta returned and parked next to the van.[3] Following Blasko's arrest, a search warrant was secured and the van was searched. The van contained a scanner which would have enabled the occupant to monitor the police airwaves. In addition, the police found a walkie-talkie which they had secretly marked following one of the videotaped planning sessions at the informant's apartment. Based upon this evidence, we believe there was clearly probable cause to hold Blasko as a participant in the burglary and related crimes committed on July 4, 1981. We therefore conclude that the district court committed substantial error in granting the habeas petition for lack of probable cause. Accordingly, that portion of the order granting the habeas petition for lack of probable cause is reversed.

Affirmed in part; reversed in part.[4]

---

[2]Contrary to Blasko's contention, this evidence was not inadmissible hearsay, since it was offered not to prove the truth of the matter asserted, *i.e.,* that Blasko was performing surveillance for those on the roof, but rather to show why the police were observing the van. See NRS 51.035.

[3]The police were aware of Cullotta because their informant had allowed them to monitor the informant's apartment with television cameras and microphones. Cullotta was involved in at least two videotaped meetings in June, 1981, at which the burglary was planned.

[4]In view of this disposition we need not address the Sheriff's "motion for expedited oral argument" filed March 8, 1982.