PATRICK CHARLES McKENNA, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 12654

June 25, 1982                              647 P.2d 865

*Kirk B. Lenhard,* Las Vegas, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

The primary issue before us is whether, in this particular case, violations of NRS 212.185 (possession of a dangerous weapon by an incarcerated person) and NRS 202.360 (possession of a concealable firearm by ex-felon) are lesser offenses included within NRS 212.090(1)(a) (escape with the use of a dangerous weapon by one charged with or convicted of a felony).

Appellant Patrick McKenna attempted to escape from lawful custody at the Clark County Jail. McKenna, already an ex-felon, was facing additional felony charges. While attempting to escape he employed the use of a Smith & Wesson 9-mm semi-automatic weapon.

As a consequence of his actions, McKenna pleaded guilty to attempted escape with the use of a dangerous weapon and was sentenced to 20 years imprisonment. At the same time he pleaded guilty to violations of NRS 212.185 and NRS 202.360 and was sentenced separately for each offense. In pleading guilty to each offense he had reserved the right to argue double jeopardy at the time of sentencing.

In committing the offense proscribed by NRS 212.090(1)(a),[1] escaping with the use of a dangerous weapon, McKenna was necessarily an incarcerated person in possession of such a weapon. See NRS 212.185.[2] The offense of attempted escape

---

[1]NRS 212.090(1) provides as follows:

212.090  Prisoner escaping.  Every prisoner confined in a prison or being in the lawful custody of an officer or other person, who escapes or attempts to escape from such prison or custody, if he is held on a charge, conviction or sentence of:
1.  A felony, shall be punished:
(a) Where a dangerous weapon is used or one or more hostages are taken to facilitate the escape or attempted escape, or substantial bodily harm results to anyone as a direct result of the escape or attempted escape, by imprisonment in the state prison for not less than 2 years nor more than 20 years, and may be further punished by a fine of not more than $20,000. The sentence imposed pursuant to this paragraph shall run consecutively after any sentence imposed for the original felony, and is not subject to suspension or the granting of probation.
(b) Where none of the aggravating factors specified in paragraph (a) is present, by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $10,000.

[2]NRS 212.185 provides as follows:

212.185  Possession, control of dangerous weapon by incarcerated person prohibited; punishment.

with the use of a dangerous weapon cannot be committed without committing the other offense of possession of a dangerous weapon by a person who is incarcerated. *See* Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966). No additional fact finding was necessary to satisfy all of the elements of possession of a dangerous weapon by an incarcerated person. The latter is therefore a lesser included offense and must be set aside. *See* Litteral v. State, 97 Nev. 503, 634 P.2d 1226 (1981).

We cannot agree, however, that the offense of being an ex-felon in possession of a concealable firearm[3] is necessarily included in the offense of attempted escape with a deadly weapon. This court adopted the *Blockburger*[4] test in *Litteral,*

---

1. Any person who is incarcerated in the state prison or any county or city jail or other correctional facility in this state, or is transferred for medical or psychiatric treatment at another institution, or is in transit to or from such facility, or is in the legal custody of any correctional officer or employee, and who possesses or has in his custody or control any:

(a) Instrument or weapon of the kind commonly known as a blackjack, slung shot, billy, sand-club, sandbag or metal knuckles;

(b) Explosive substance, including fixed ammunition, or any incendiary or explosive device;

(c) Dirk, dagger, switchblade knife or sharp instrument;

(d) Pistol, revolver or other firearm;

(e) Device capable of propelling a projectile with sufficient force to cause bodily harm, including but not limited to a pellet gun, slingshot, blowgun, crossbow or bow and arrow; or

(f) Other similar weapon, instrument or device,

shall be punished by imprisonment in the state prison for not less than 1 nor more than 6 years.

2. For the purposes of this section, incarceration begins upon assignment to a cell or other place within the correctional facility after completion of the initial booking procedure.

[3]NRS 202.360 provides, in pertinent part as follows:

1. The terms "pistol," "revolver," and "firearm capable of being concealed upon the person," as used in this section, apply to and include all firearms having a barrel less than 12 inches in length.

2. ˙ After July 1, 1925, no unnaturalized foreign-born person, and no person who has been convicted of a felony in the State of Nevada, or in any one of the states of the United States of America, or in any political subdivision thereof, or of a felony in violation of the laws of the United States of America, shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person.

3. Any person who violates the provisions of this section shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years, and may be further punished by a fine of not more than $5,000.

\* \* \*

[4]Blockburger v. United States, 284 U.S. 299 (1932).

*supra.* Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test for determining if two offenses or only one has been committed is whether each provision requires proof of a fact which the other does not.

One of the elements of the attempted escape charge, as stated in the indictment, is that the attempted escape was perpetrated while McKenna "was being held . . . on a felony charge, to-wit, murder."

The ex-felon in possession of a concealable weapon charge stated that McKenna was a person having the status of ex-felon stemming from a previous conviction for sexual assault.

Each of the two statutory provisions, then, required proof of a fact which the other did not. One case required proof that McKenna was held on a felony charge of murder; the other required proof that McKenna was an ex-felon. Consequently McKenna is guilty of committing each offense.

In addition to the foregoing offenses, McKenna was charged with two counts of robbery with the use of a deadly weapon. The robberies arose out of the same course of events as the attempted escape. The robbery charges were tried to a jury following McKenna's guilty pleas to the three charges discussed above. The jury found McKenna guilty.

McKenna asks us to set aside the two robbery convictions because, he claims, the robberies were incidental to the primary offense of attempted escape. In support of his position, McKenna relies largely upon Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978). In *Wright* we held that kidnapping may not be charged as an additional offense to robbery where movement of the victim was only incidental to robbery and where no increased risk occurred as a result of the movement. McKenna views his robberies as analogous to the *Wright* situation. *Wright,* however, is easily distinguishable from the present case. Some movement or confinement of the victim is inherent in almost every robbery. We do not agree that robbery is in the same sense incidental to an escape attempt.

Whether a crime is incidental to another offense is generally a question of fact. McKenna took the guards' uniforms and equipment at gun-point. It appears that these robberies were entirely separate and independent felonies. In any event, such a determination should be made by the trier of fact "in all but the clearest of cases." Sheriff v. Medberry, 96 Nev. 202, 204, 606 P.2d 181, 182 (1980); *accord* Langford v. State, 95 Nev. 631, 600 P.2d 231 (1979). Since it would be illogical and

inappropriate for us to hold, as a matter of law, that the robberies were incidental to escape, we do not reverse on this ground.

The conviction under NRS 212.185 is reversed. All other convictions are affirmed.

GUNDERSON, C. J., and MANOUKIAN, MOWBRAY, and STEFFEN, JJ., concur.