OPINION
By the Court,
Springer, J.:
Rickey Edward Love (“Love”) was found guilty of first degree *1137 murder with the use of a deadly weapon. The State’s case was based solely upon circumstantial evidence, and the key witness was a jailhouse informant. Defense counsel decided not to call any alibi witnesses on Love’s behalf, and several of those potential witnesses later testified that they were not even contacted before the trial. After an evidentiary hearing, the district court held that respondent had received ineffective assistance of counsel, based upon a totality of the circumstances, emphasizing that counsels’ failure to interview personally the potential alibi witnesses and counsels’ subsequent decision not to have those witnesses testify at Love’s trial prejudiced Love and constituted ineffective assistance of counsel. The State appeals the district court’s determination.
We conclude that the district court did not err in granting respondent’s petition for post-conviction relief.
On July 20, 1988, appellant State of Nevada filed an information charging Love with murder with the use of a deadly weapon in the death of Roderick Raynah Davis (Buck) which occurred on May 26, 1988. Prior to trial, Love provided a list of alibi witnesses to his counsel who decided not to present any alibi witnesses due to perceived inconsistencies in the witnesses’ testimony. The State’s case was based entirely on circumstantial evidence and on the testimony of a single jailhouse informant. There were no eyewitnesses, and the murder weapon was never found.
After five days of trial, on October 21, 1988, the jury found Love guilty of first degree murder with the use of a deadly weapon. Love was sentenced to two consecutive terms of life imprisonment with the possibility of parole. Love then appealed his conviction to this court on the ground that the trial court erred in denying his motion to suppress certain hearsay testimony. This court dismissed his direct appeal on December 6, 1989. See Love v. State, Docket No. 19632 (Order Dismissing Appeal, December 6, 1989). On October 28, 1990, Love filed a petition for post-conviction relief, setting forth several assignments of error, including the denial of effective assistance of counsel, which the district court denied. On appeal, this court ordered that the issue be remanded to the district court for an evidentiary hearing. On August 21, 1992, an evidentiary hearing was held before Judge Jeffrey Sobel on the ineffective assistance of counsel issue. Judge Sobel concluded that Love had received ineffective assistance of counsel:
The totality of facts here: a) failure by relatively inexperienced counsel, b) to call potential witnesses, c) coupled with the failure to personally interview the witnesses so as to make an intelligent tactical decision, d) making an alleged “tactical decision” on a misrepresentation (apparently) of *1138 other witnesses’ testimony, making an alleged “tactical decision” to not put on evidence when that decision seems illogical (one could have had the favorable testimony of State witnesses showing lack of motive and alibi witnesses) leads this Court to conclude in a case with little direct evidence of guilt that not only were counsel ineffective but that the errors of counsel were so serious as to “deprive the Defendant of a fair trial, a trial whose result is reliable” and therefore to prejudice him.
(Citing Strickland v. Washington, 466 U.S. 668 (1984)). The State has appealed from this order.
The question of whether a defendant has received ineffective assistance of counsel at trial in violation of the Sixth Amendment is a mixed question of law and fact and is thus subject to independent review. Strickland, 466 U.S. at 698. This court reviews a claim of ineffective assistance of counsel under the “reasonably effective assistance” standard enunciated by the United States Supreme Court in Strickland and adopted by this court in Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984); see Dawson v. State, 108 Nev. 112, 115, 825 P.2d 593, 595 (1992). Under this two-prong test, a defendant who challenges the adequacy of his or her counsel’s representation must show (1) that counsel’s performance was deficient and (2) that the defendant was prejudiced by this deficiency. Strickland, 466 U.S. at 687.
“Deficient” assistance requires a showing that trial counsel’s representation of the defendant fell below an objective standard of reasonableness. Id. at 688. If the defendant establishes that counsel’s performance was deficient, the defendant must next show that, but for counsel’s errors, the result of the trial probably would have been different. Id. at 694.
Under Strickland, defense counsel has a duty “to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.” Id. at 691. Love argues that the following facts show a lack of reasonable investigation by his counsel: (1) one of Love’s two attorneys testified that he had not personally contacted any of the witnesses prior to trial, but had instead relied on an investigator; (2) Love’s other attorney could not remember whether he had contacted certain witnesses before or during trial, and (3) several witnesses stated that they had never been contacted. At least one of Love’s several alibi witnesses, Stacey Dudley, was a credible witness and had never been convicted of a felony. Dudley testified at the evidentiary *1139 hearing that she could have testified that she saw Love at a place some distance from the murder scene at the time the murder was committed. She spoke to an investigator prior to trial; however, she was never subpoenaed to testify. The district court heard the testimony of both Love’s attorneys and the prospective alibi witnesses and came to a conclusion which is supported in the record; this court is ill-equipped to reweigh the credibility of these various witnesses on appeal. Given the paucity of the evidence against Love and the depth with which the district court explored this issue, we decline to disturb the judgment of the district court that counsels’ failure to call any alibi witnesses on Love’s behalf failed to meet an objective standard of reasonableness.[1]
The district court also based its ruling in part on the fact that Love’s counsel were inexperienced. At the time of Love’s trial, one of Love’s attorneys was in his first year as an attorney with the public defender’s office and had tried four criminal cases. He did not personally contact any witnesses. Love’s other counsel had been with the public defender’s office for two years and had tried approximately ten criminal cases. The district court properly considered the experience of Love’s counsel in finding ineffective assistance of counsel in this case.
An error by trial counsel, even if professionally unreasonable, does not warrant setting aside a judgment of a criminal proceeding if the error had no effect on the judgment. Strickland, 466 U.S. at 691. Thus Strickland also requires that the defendant be prejudiced by the unreasonable actions of counsel before his or her conviction will be reversed. The defendant must show that there is a reasonable probability that, but for counsel’s errors, the result of the proceeding would have been different. Id. at 694.
The Strickland court indicated that “a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.” *1140 Id. at 696. The weak record in this case makes us extremely hesitant to reject the district court’s finding of ineffective assistance. Although circumstantial evidence alone may constitute sufficient evidence for a jury to convict a defendant, see Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980), the only truly damaging testimony in this case came from a jailhouse informant and a hearsay statement made by some unknown stranger in the night. There were no eyewitnesses to the murder. There was no physical evidence linking Love to the murder. No murder weapon was found. No fingerprints or footprints traced Love to the scene. There was no apparent motive, as Love and Buck were friends. An alibi witness would have placed Love away from the scene of the murder. Even though the credibility of some of the alibi witnesses was subject to question, their testimony could have put a reasonable doubt in the jurors’ minds sufficient to change the outcome of Love’s trial. Accordingly, we agree with the district court that the failure of Love’s counsel to call a single alibi witness or to explore the other rather obvious possible explanations for Buck’s murder prejudiced Love and denied him his Sixth Amendment right to effective assistance of counsel.
The district court’s order is affirmed.
Young and Shearing, JJ., concur.

Although the district court did not rest its finding on this point, it also seems objectively unreasonable, or at least highly questionable, for defense counsel not to have tried to locate the phantom “June” prior to trial. Even the State’s witnesses testified that Love and Buck were friends and that Love had no apparent motive to kill Buck. There is testimony in the record that June owed Buck $70.00 for “some dope.” Love was going to help Buck track June down to enforce payment. There is further testimony that Love is a member of a gang known as the “Bloods.” Perhaps this was a gang-related shooting, and Love is hesitant to testify against a fellow Blood. Or, perhaps he was the third man at the murder scene and intended to shoot June, Buck yelled “Rickey don’t shoot,” and Buck got shot by June. After considering the transcript of this trial, we find it hard to believe that Love’s counsel did not explore this possible theory for the defense.