RICHARD M. MARCINIAK, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 27044

March 1, 1996                    911 P.2d 1197

*Harry R. Gensler,* Public Defender, Tonopah, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Robert S. Beckett,* District Attorney, Nye County, for Respondent.

## OPINION[1]

*Per Curiam:*

This is an appeal from a judgment of conviction pursuant to a guilty plea of one count of felony driving under the influence of alcohol with two prior convictions. In 1993, appellant was convicted, pursuant to a guilty plea, of a Michigan offense of "driving while visibly impaired" ("DWI") due to the consumption of intoxicating liquor. Appellant contends that this conviction may not be used as a prior conviction occurring within seven years to enhance his Nevada conviction for driving under the influence. Driving while impaired is a lesser included offense of Michigan's driving under the influence of alcohol statute. *See* Mich. Comp. Laws Ann. § 257.625(6)(f) (West. Supp. 1995); *see also* People v. Leonowicz, 350 N.W.2d 770, 772 (Mich. Ct. App. 1984). Appellant argues that the conduct prohibited by the Michigan DWI statute is not "the same or similar conduct" envisioned by NRS 484.3792(8) for purposes of enhancement under NRS 484.3792.

This court has previously held that the statute's prior language, "the same conduct," was not limited to "identical" conduct for enhancement purposes. Jones v. State, 105 Nev. 124, 771 P.2d 154 (1989). Under Michigan law, a driver violates the DWI statute when, as a result of the consumption of intoxicating

---

[1]This court previously dismissed this appeal in an order entered on December 19, 1995. The state has moved to publish our order of dismissal. Cause appearing, we grant this motion and we issue this Opinion in place of our prior order.

liquor, his or her ability to drive is so weakened or reduced that he or she drives with less ability than would an ordinary, careful and prudent driver, and when that reduced ability to drive is visible to an ordinary observant person. People v. Lambert, 235 N.W.2d 338, 342 (Mich. 1975). We conclude that driving while visibly impaired due to the consumption of alcohol is the same or similar conduct as driving under the influence of alcohol. *See* McAdam v. State, 648 So.2d 1244 (Fla. Dist. Ct. App. 1995).

Accordingly, we affirm the judgment of conviction.