ROSS ERIC BARTON, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 33143

September 12, 2001

30 P.3d 1103

*Christopher R. Oram,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

# OPINION

By the Court, SHEARING, J.:

In 1995, Ross Eric Barton was convicted of second-degree murder pursuant to a jury verdict and sentenced to life imprisonment. In 1996, this court dismissed his direct appeal.[1] Barton then filed a post-conviction petition for a writ of habeas corpus alleging: (1) ineffective assistance of trial counsel for failing to request a jury instruction on the lesser charge of reckless driving causing substantial bodily harm; and (2) ineffective assistance of appellate counsel for failing to argue effectively that NRS 200.070, which defines "involuntary manslaughter," upon which the jury was instructed, is unconstitutionally vague and ambiguous. We conclude that under the traditional elements analysis, reckless driving is not a lesser included offense of murder; accordingly, the trial counsel was not ineffective for failing to request the instruction. Likewise, appellate counsel was not ineffective in arguing that NRS 200.070 is not unconstitutionally vague and ambiguous. Therefore, we affirm the judgment of the district court.

## FACTS

On September 20, 1994, Juan Sanchez and Ever Yurado were drinking beer in Yurado's car in front of Sanchez's apartment in Las Vegas for about four hours. When Sanchez was called inside the apartment, Yurado drove away. Shortly thereafter, Yurado's car collided with a car driven by Ross Barton. Yurado sped away. Barton pursued Yurado in his car, traveling at a high rate of speed. Eventually, Barton rammed Yurado's car, causing it to spin around and stop. Yurado told another driver that there was no need to call the police, but Barton asked a bystander to call them anyway. Yurado again drove away and Barton started chasing him. Yurado then made a U-turn around a median and resumed driving northbound on the street. According to eyewitnesses, Barton crossed the median ahead of Yurado and drove southbound in the northbound lanes in the direction of Yurado's oncoming car. Yurado made another U-turn, at which point Barton drove down the median. As Yurado emerged from the U-turn, Barton turned off the median, drove directly at Yurado's car and struck the driver's side of the car. Testimony at trial indicated that Barton was traveling at a speed of approximately forty-four miles per hour and was accelerating at the time of impact. As a result of the collision, Yurado suffered a skull fracture which eventually resulted in his death.

---

[1]Barton v. State, Docket No. 27076 (Order Dismissing Appeal, December 20, 1996).

Barton was charged with open murder, tried before a jury, and found guilty of second-degree murder and sentenced to life imprisonment. This court dismissed his direct appeal. Barton filed a timely post-conviction petition for writ of habeas corpus in the district court, alleging ineffective assistance of trial and appellate counsel. The district court denied the petition and Barton now appeals.

## DISCUSSION

This court reviews claims of ineffective assistance of counsel by the standard articulated in *Strickland v. Washington*.[2] The question of whether a defendant has received ineffective assistance of counsel in violation of the Sixth Amendment is a mixed question of fact and law that is subject to independent review.[3] Under the *Strickland* test, in order to show the inadequacy of his counsel's representation, Barton must show: (1) that counsel's performance was deficient, and (2) that he was prejudiced by this deficiency.[4]

### Lesser included offense instruction

The first assignment of error concerning ineffective assistance of counsel is whether Barton's trial counsel was deficient for failing to request an instruction on the lesser charge of reckless driving causing death or substantial bodily harm under NRS 484.377. Barton argues that in this case reckless driving is a lesser included offense on which the district court was required to instruct the jury at the defendant's request. Thus, because the evidence supported the jury's consideration of reckless driving as an alternative to murder, trial counsel was deficient in failing to pursue this instruction.

NRS 175.501 provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged . . . ." Whether the judge would have been required to give the reckless driving instruction at Barton's request depends upon the meaning of the phrase "an offense necessarily included in the offense charged." The determination of what constitutes a lesser included offense is not clear under Nevada case law. In fact, at times "lesser included" and "lesser related" have not been distinguished, and two divergent tests have been applied to determine what constitutes a lesser included offense.[5] This has resulted

---

[2]466 U.S. 668 (1984).

[3]*Id.* at 698; *State v. Love,* 109 Nev. 1136, 1138, 865 P.2d 322, 323 (1993); *see also* U.S. Const. amend. VI.

[4]*Strickland,* 466 U.S. at 694.

[5]*See Moore v. State,* 105 Nev. 378, 776 P.2d 1235 (1989).

in confusion as to how a judge should determine whether lesser included instructions are required when requested. In light of United States Supreme Court opinions regarding lesser included offenses and this court's decision in *Peck v. State*,[6] we take this opportunity to review and clarify the law of lesser included offenses in order to provide a clearer view as to what test should be applied.

The three basic approaches that have been used by this court and throughout the country[7] to determine what constitutes a lesser included offense are: (1) considering only the elements of the crime to determine if the elements of one are entirely included in the other;[8] (2) considering the factual allegations of the pleadings to determine if the allegations include all of the elements of the lesser offense;[9] and (3) considering the actual evidence presented at trial to determine if some or all of the evidence which establishes the greater offense also establishes a lesser offense.[10]

These three approaches have been alternatively used in the various procedural contexts in which a lesser included offense is being considered. Several examples of such contexts include: (1) whether the conviction of a defendant for two offenses violates double jeopardy;[11] (2) whether the defendant had sufficient notice of the lesser charge in order to comply with due process;[12] (3) whether an information or indictment may be amended to include a lesser included offense;[13] (4) whether a lesser included instruction should have been given;[14] (5) whether such an instruction was

---

[6]116 Nev. 840, 7 P.3d 470 (2000).

[7]*See* 5 Wayne R. LaFave, Jerold H. Israel & Nancy J. King, *Criminal Procedure* § 24.8(e) (2d ed. 1999).

[8]*Lisby v. State,* 82 Nev. 183, 186-87, 414 P.2d 592, 594 (1966).

[9]*Slobodian v. State,* 98 Nev. 52, 54, 639 P.2d 561, 563 (1982).

[10]*See, e.g., Owens v. State,* 100 Nev. 286, 680 P.2d 593 (1984); *Litteral v. State,* 97 Nev. 503, 634 P.2d 1226 (1981); *Dicus v. District Court,* 97 Nev. 273, 625 P.2d 1175 (1981); *Graves v. Young,* 82 Nev. 433, 420 P.2d 618 (1966).

[11]*See, e.g., McIntosh v. State,* 113 Nev. 224, 932 P.2d 1072 (1997); *Meador v. State,* 101 Nev. 765, 711 P.2d 852 (1985); *Moore v. State,* 100 Nev. 698, 692 P.2d 1278 (1984); *Givens v. State,* 99 Nev. 50, 657 P.2d 97 (1983); *Sheriff v. Blasko,* 98 Nev. 327, 647 P.2d 371 (1982); *McKenna v. State,* 98 Nev. 323, 647 P.2d 865 (1982); *Lovell v. State,* 92 Nev. 128, 546 P.2d 1301 (1976); *In re DuBois,* 84 Nev. 562, 445 P.2d 354 (1968).

[12]*See, e.g., Slobodian,* 98 Nev. 52, 639 P.2d 561; *Thedford v. Sheriff,* 86 Nev. 741, 476 P.2d 25 (1970).

[13]*See, e.g., State v. Dist. Ct.,* 116 Nev. 374, 997 P.2d 126 (2000); *Benitez v. State,* 111 Nev. 1363, 904 P.2d 1036 (1995).

[14]*See, e.g., Peck v. State,* 116 Nev. 840, 7 P.3d 470 (2000); *Robinson v. State,* 110 Nev. 1137, 881 P.2d 667 (1994); *Davis v. State,* 110 Nev. 1107,

erroneously given;[15] (6) whether a prior offense is so similar to a charged offense that it may enhance the penalty;[16] (7) whether the district court had jurisdiction over an offense;[17] (8) whether a jury finding of guilt on two offenses was proper;[18] and (9) whether two offenses merged.[19] Despite the legal and factual differences in these contexts, this court has often relied on conclusions, and which test to use, from one type of case as authority for another.

The predominant test used for lesser included offenses was set forth in *Lisby v. State*. In *Lisby,* this court interpreted language similar to NRS 175.501 to be the codification of "the common law practice of allowing a defendant in a criminal trial to be found guilty of any offense which is necessarily included in that with which he is charged."[20] This court stated: "[w]e adhere to the rule that to determine whether an offense is necessarily included in the offense charged, the test is whether the offense charged cannot be committed without committing the lesser offense."[21] The test is met when all of the elements of the lesser offense are included in the elements of the greater offense.[22] This court cited to statutes regarding the sale of a controlled substance and possession of a controlled substance, kidnapping and false imprisonment, and felonious assault and simple assault as examples of instances where lesser included offenses may be instructed, because the elements of one were entirely included in the other.[23]

On the other hand, in *Owens v. State,*[24] this court addressed the issue of a lesser included offense in the double jeopardy context and applied a different test. In *Owens,* this court broadened the *Lisby* test, holding that the defendant was placed in double jeopardy when he was convicted of both attempted robbery with the use of a deadly weapon upon a person sixty-five years of age or older and battery with the use of a deadly weapon upon a person

---

881 P.2d 657 (1994); *Walker v. State,* 110 Nev. 571, 876 P.2d 646 (1994); *Hillis v. State,* 103 Nev. 531, 746 P.2d 1092 (1987); *Kiper v. State,* 98 Nev. 593, 655 P.2d 526 (1982).

[15]*See Bailey v. State,* 100 Nev. 562, 688 P.2d 320 (1984).

[16]*See Marciniak v. State,* 112 Nev. 242, 911 P.2d 1197 (1996).

[17]*See, e.g., Kimball v. State,* 100 Nev. 190, 678 P.2d 675 (1984); *Dicus,* 97 Nev. 273, 625 P.2d 1175.

[18]*See, e.g., McKinnon v. State,* 96 Nev. 821, 618 P.2d 1222 (1980); *State v. Carter,* 79 Nev. 146, 379 P.2d 945 (1963).

[19]*See Hewitt v. State,* 113 Nev. 387, 936 P.2d 330 (1997).

[20]82 Nev. at 186-87, 414 P.2d at 594.

[21]*Id.* at 187, 414 P.2d at 594.

[22]*Id.*

[23]*Id.* at 188, 414 P.2d at 595.

[24]100 Nev. 286, 680 P.2d 593.

sixty-five years of age or older.[25] This court said it not only would look to the elements of the charged offenses, but also would consider the particular facts of the case to determine whether one offense is a lesser included offense of the other.[26] Thus, since Owens committed the robbery by battering the victim, the battery was held to be a lesser included offense of the robbery, even though battery is not a required element of the crime of robbery.[27] Owen's conviction for battery with the use of a deadly weapon upon a person sixty-five years of age or older was thus reversed on double jeopardy grounds.[28]

In the context of determining whether a lesser included instruction is required, this court has often looked to more than merely the elements of the offenses and has adopted an approach similar to that contained in *Owens,* looking to the charging document and the proof at trial. For example, in *Graves v. Young,*[29] this court held that, even though attempted murder can be committed with or without an assault, the trial court should look to the evidence submitted at trial and the charge contained in the indictment to determine whether assault is a lesser included offense of attempted murder. Likewise, in *Kiper v. State,*[30] this court held that there was an evidentiary basis for an instruction on criminal trespass, and therefore the instruction should have been given as a lesser included offense of burglary.

The information in Barton's case alleged that Barton killed the victim ''by intentionally driving that certain 1976 Chevrolet El Camino . . . into that certain 1981 Pontiac . . . being driven by [the victim].'' Under the *Lisby* test, reckless driving causing death would not be a lesser included offense of murder since the charged offense of murder can certainly be committed without committing reckless driving.[31] Under this test, therefore, Barton

---

[25]*Id.* at 289, 680 P.2d at 595.

[26]*Id.*

[27]*Id.*

[28]*Id.* at 289-90, 680 P.2d at 595.

[29]82 Nev. at 438, 420 P.2d at 620-21.

[30]98 Nev. at 595, 655 P.2d at 527.

[31]In relevant part, NRS 484.377 states:

1.   It is unlawful for a person to:

(a) Drive a vehicle in willful or wanton disregard of the safety of persons or property.

. . . .

2.   A person who does any act or neglects any duty imposed by law while driving or in actual physical control of any vehicle in willful or wanton disregard of the safety of persons or property, if the act or neglect of duty proximately causes the death of or substantial bodily harm to a person other than himself, is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term.

would not be entitled to the instruction. However, under the *Owens* test, because the method of killing was by automobile, reckless driving might be inferred from either the charge or the evidence, particularly if the State is unable to prove the requisite state of mind. Thus, Barton would be entitled to the instruction under this analysis.

Although the *Lisby* test has quite consistently been used in cases where NRS 175.501 has been specifically referenced, the approach has not been uniform, particularly when the statute is not referenced. As a result, there is some confusion, especially in the context of whether lesser included instructions should be given, as in the instant case.

The United States Supreme Court has provided guidance with respect to how to determine what constitutes a lesser included offense in the context of whether the Double Jeopardy Clause of the United States Constitution has been implicated in order to determine whether a defendant may be convicted of multiple offenses. In *Blockburger v. United States*,[32] the Court determined that the elements test, which this court subsequently adopted in *Lisby,* is adequate to meet the requirements of the United States Constitution. In determining whether a defendant has been subjected to double jeopardy, the United States Supreme Court stated:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.[33]

Thus, under *Blockburger*, if the elements of one offense are entirely included within the elements of a second offense, the first offense is a lesser included offense and the Double Jeopardy Clause prohibits a conviction for both offenses.[34]

The United States Supreme Court departed from the elements test in *Grady v. Corbin,* and instead adopted a test similar to that in *Owens,* whereby an offense was considered a lesser included offense if both offenses required proof of the same conduct

---

of not less than 1 year and a maximum term of not more than 6 years, or by a fine of not more than $5,000, or by both fine and imprisonment.

In relevant part, NRS 200.010 states:
Murder is the unlawful killing of a human being, with malice aforethought, either express or implied . . . . The unlawful killing may be effected by any of the various means by which death may be occasioned.

[32]284 U.S. 299 (1932).

[33]*Id.* at 304.

[34]*Id.*

regardless of the specific elements.[35] However, three years later, the Court overruled *Grady* and returned to the *Blockburger* elements test in *United States v. Dixon*.[36] Crucial in this decision to return to the *Blockburger* test was that the ''same conduct'' test was unworkable and resulted in a disparity of results and difficulty in application.[37]

Despite a now clear articulation on lesser included offenses in the context of double jeopardy, no such clear guidance has been given on the constitutional requirement of lesser included offense instructions. In *Beck v. Alabama,* the United States Supreme Court suggested that the Due Process Clause of the United States Constitution was violated when no lesser included offense instructions were allowed in a death penalty case.[38] In *Beck,* the State had refused to allow lesser included offense instructions only in capital murder cases when lesser included offenses to murder actually existed under state law. Furthermore, such instructions would have been given in a non-capital murder case.[39] The Court suggested that not having a lesser included offense might undermine the reasonable doubt standard, reducing the reliability of the fact-finding process and risk fundamental unfairness.[40] Moreover, the Court concluded that having a different rule regarding lesser included offenses in capital and non-capital cases is unconstitutional.[41]

In *Hopkins v. Reeves,*[42] the United States Supreme Court clarified that *Beck* did not require lesser included offense instructions in all cases. In that case, Nebraska did not recognize any lesser included offenses for felony murder. The Court reasoned that requiring lesser included offense instructions would not enhance the reliability of the conviction and would impose an unauthorized limit on the State's prerogative to structure its criminal law.[43] The Court indicated that whether an offense is a lesser included, and hence whether it should be instructed on, is a matter of state law.[44]

[35]495 U.S. 508, 516 (1990).

[36]509 U.S. 688, 704, 714 (1993).

[37]*Id.* at 711-12.

[38]447 U.S. 625, 638 (1980).

[39]*Id.* at 637.

[40]*Id.*

[41]*Id.* at 638.

[42]524 U.S. 88 (1998).

[43]*Id.* at 96-97.

[44]United States Supreme Court cases after *Beck* that have discussed the issue of lesser included offense instructions as they relate to due process requirements have generally been in the death penalty context. There is some indication in the language of the cases that the Court is focusing on the special importance of reliability in capital cases. *See, e.g., Gilmore v. Taylor,* 508 U.S. 333 (1993); *Schad v. Arizona,* 501 U.S. 624 (1991).

Looking, therefore, to Nevada law to determine how to define a lesser included offense, we again encounter the disparity in tests that have been applied—the elements test of *Blockburger/Lisby* or the same conduct test of *Owens*. The federal courts encountered a similar divergence in how to define a lesser included offense, and determined in *Schmuck v. United States* that the *Blockburger* elements test should prevail.[45] Accordingly, under Federal Rule of Criminal Procedure 31(c), which contains language identical to NRS 175.501, an offense is not a lesser included offense unless the elements of the lesser offense are an entirely included subset of the elements of the charged offense.[46] This approach is "grounded in the language and history of the Rule and provides for greater certainty in its application."[47]

In light of the similarity in the language of Federal Rule of Criminal Procedure 31(c) and NRS 175.501, we conclude that adherence to the view adopted in *Schmuck v. United States,* whereby lesser included offenses are determined by the *Blockburger* elements test, is sound. Moreover, this court has often traditionally applied the same standard the United States Supreme Court has articulated under the United States Constitution in the context of double jeopardy to our interpretation of the minimum requirements of the Nevada Constitution. We see no reason to depart from this approach. Hence, we conclude that we will follow the guidance of the United States Supreme Court and adopt the elements test of *Blockburger/Lisby* for the determination of whether lesser included offense instructions are required.[48] This is consistent with our recent decision in *Peck v. State*[49] to extinguish the use of lesser related offense instructions as an attempt to rectify what has become an abyss of confusion for district courts in determining what instructions they are required to give.

To the extent that our prior case law conflicts with the adoption of the elements test, we overrule *Owens v. State* and expressly

---

[45]489 U.S. 705 (1989). *Schmuck* resolved the conflict that had arisen by several federal courts adopting the approach of the Circuit Court of Appeals for the District of Columbia in *United States v. Whitaker,* whereby a lesser included offense was measured by whether the offenses related to the protection of the same interests. 447 F.2d 314, 321 (D.C. Cir. 1971).

[46]*Schmuck,* 489 U.S. at 716.

[47]*Id.*

[48]We also note that a lesser included offense instruction will still only be appropriate in certain circumstances and is not required if there is no evidence supporting the lesser offense or if the defendant's evidence is in conflict with guilt of the lesser offense. *See Lisby v. State,* 82 Nev. 183, 414 P.2d 592 (1966).

[49]116 Nev. 840, 7 P.3d 470.

reject the same conduct approach that has been used in various contexts. Just as the United States Supreme Court found the same conduct test to be unworkable in *Grady v. Corbin,* we too conclude that eliminating the use of this test will promote mutual fairness. Both the prosecution and the defense will know in advance what elements must be proven at trial and what jury instructions will be available, and may prepare accordingly. There will be less confusion and greater consistency and predictability in determinations of what constitute lesser included offenses.

Accordingly, in Barton's case, clearly the elements of reckless driving are not an entirely included subset of murder under the elements test.[50] Therefore, we conclude that a lesser included offense instruction on reckless driving was not required and trial counsel was not deficient in failing to request the instruction. Accordingly, we affirm the district court order denying Barton's petition on this claim.

*Second-degree felony instruction*

Barton alleges that his appellate counsel was ineffective for failing to argue effectively that NRS 200.070 is unconstitutional. Barton argues that the language of the statute is vague and ambiguous in that it purports to define involuntary manslaughter, but then goes on to define murder in the same paragraph. This, he argues, suggests the existence of a misdemeanor-murder rule. He argues that under that statute, any minor traffic violation which results in the death of a human being would be murder. We disagree.

NRS 200.070 provides:

> [I]nvoluntary manslaughter is the killing of a human being, without any intent to do so, in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner, but where the involuntary killing occurs in the commission of an unlawful act, which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense is murder.

The jury instruction at trial quoted this statutory language.

After defining manslaughter, NRS 200.070 simply distinguishes manslaughter from murder by referring to the factors which indicate malice, a required element of murder. The statute refers to the two types of malice—express malice and implied malice, the

---

[50]*See supra* note 31.

latter being unlawful acts which naturally tend to destroy the life of a human being. None of the minor traffic violations cited by Barton, like jaywalking or speeding, would "naturally tend[ ] to destroy the life of a human being." Thus, the commission of those minor offenses would not automatically render a killing murder (absent proof of malice). Accordingly, appellate counsel was not deficient in failing to argue this issue effectively. NRS 200.070 does not create a misdemeanor-murder offense nor is it unconstitutionally vague and ambiguous.

## CONCLUSION

We conclude that the district court was correct in concluding that Barton's trial and appellate counsel were not ineffective. We conclude that the *Blockburger/Lisby* elements test is the appropriate test by which to consider whether an offense is necessarily an included offense for purposes of instructions. Therefore, we affirm the order of the district court denying Barton's post-conviction petition for a writ of habeas corpus.

YOUNG, AGOSTI, LEAVITT and BECKER, JJ., concur.

MAUPIN, C. J., with whom ROSE, J., agrees, dissenting:

I would not overturn *Owens v. State*[1] and thus would reverse the trial court in this instance. I believe that the facts of a particular case should be analyzed along with the elements of primary and proposed lesser included offenses to determine whether a "lesser included" jury instruction should be given. Although this would enlarge the scope of state due process rights beyond those afforded under the Federal Constitution, we are free to do so at the state level.

---

[1]100 Nev. 286, 288, 680 P.2d 593, 595 (1984).