# IN THE SUPREME COURT OF THE STATE OF NEVADA

MAZEN ALOTAIBI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67380

FILED

FEB 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, first-degree kidnapping, two counts of sexual assault with a minor under 14 years of age, two counts of lewdness with a minor under 14 years of age, and coercion. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

First, appellant Mazen Alotaibi argues that the district court erred in failing to instruct the jury that statutory sexual seduction is a lesser-included offense of sexual assault with a minor under 14 years of age. We apply the elements test to determine whether an offense is a lesser-included offense of the charged offense so as to warrant a jury instruction. *See Barton v. State*, 117 Nev. 686, 694, 30 P.3d 1103, 1108 (2001), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006). An offense is "necessarily included" in the offense charged if "the offense charged cannot be committed without committing

17-06857

the lesser offense." *Id.* at 690, 30 P.3d at 1106 (quoting *Lisby v. State*, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966)). A comparison of the relevant statutes in effect at the time Alotaibi committed the offenses shows that it was possible to commit sexual assault without necessarily committing statutory sexual seduction.[1] *Compare* 2009 Nev. Stat., ch. 300, § 1.1, at 1296 (NRS 200.364(5)), *with* 2007 Nev. Stat., ch. 528, § 7, at 3255 (NRS 200.366(1)).[2] Thus, statutory sexual seduction was not a lesser-included offense of sexual assault with a minor, and Alotaibi was not entitled to an instruction on it.

Next, Alotaibi argues that the district court abused its discretion in denying his motion for a new trial based on newly discovered evidence. We review a district court's decision whether to grant a new trial for an abuse of discretion. *State v. Carroll*, 109 Nev. 975, 977, 860 P.2d 179, 180 (1993). Alotaibi's motion was based on an affidavit from a State witness recanting part of his trial testimony about Alotaibi driving a car shortly before he committed the offenses. Alotaibi argues that this recantation warrants a new trial because the false testimony about him driving directly undermined his defense of being too intoxicated to form the requisite mental state for the offenses. We conclude that the district

---

[1]We reach the same conclusion even if we accept Alotaibi's position and consider only the elements of the offense as charged in the charging document.

[2]NRS 200.366(1) was amended in 2015 to provide that sexual penetration of a child under the age of 14 years is sexual assault regardless of consent.

court did not abuse its discretion in denying the motion for a new trial. *See Callier v. Warden, Nev. Women's Corr. Ctr.*, 111 Nev. 976, 990, 901 P.2d 619, 627-28 (1995) (explaining the four required components for granting a motion for a new trial based upon a recantation). The district court was not satisfied that the trial testimony was false and determined that the witness's conflicting accounts demonstrated at most that his recollection of the event could not be trusted. The record supports this determination, given that the witness admitted that he initially believed that Alotaibi was the driver but later decided that Alotaibi had been too drunk to drive. Moreover, the record supports the district court's determination that it was not probable that the outcome of the trial would have been different without the allegedly false testimony. The witness testified that Alotaibi was extremely intoxicated, other witnesses also testified to Alotaibi's level of intoxication, and the jury had the opportunity to observe Alotaibi in a hotel surveillance video and in a recorded interview conducted within hours of the offenses. Thus, we conclude that Alotaibi has not demonstrated that the district court abused its discretion in denying his motion for a new trial.

Finally, Alotaibi argues that his trial counsel provided ineffective assistance by failing to insist on a jury instruction and interview a witness. Claims of ineffective assistance of counsel should be raised in postconviction proceedings in the district court in the first instance and are generally not appropriate for review on direct appeal unless there has been an evidentiary hearing or an evidentiary hearing would be unnecessary. *Pellegrini v. State*, 117 Nev. 860, 883-84, 34 P.3d 519, 534-35 (2001); *Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727,

729 (1995). Alotaibi has not established that either exception applies, and thus we decline to address his ineffective-assistance arguments. For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Stefany Miley, District Judge
Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk