133 Nev., Advance Opinion 76

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LONNIE LYNN SWEAT,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
STEFANY MILEY, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 71110

**FILED**

OCT 05 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of prohibition or mandamus challenging a district court order denying a motion to dismiss a felony criminal charge.

*Petition denied.*

Philip J. Kohn, Public Defender, and Howard Brooks and Kenton G. Eichacker, Deputy Public Defenders, Clark County,
for Petitioner.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens, Chief Deputy District Attorney, and Ryan J. MacDonald, Deputy District Attorney, Clark County,
for Real Party in Interest.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

17-33804

*OPINION*

By the Court, STIGLICH, J.:

The Double Jeopardy Clause protects a defendant from multiple prosecutions for the same offense. This opinion addresses whether a defendant's failure to comply with the terms of a plea agreement with the State constitutes a waiver of that protection. We hold that where a defendant pleads guilty to a lesser charge pursuant to a plea agreement and fails to comply with the terms of that agreement, he waives his right to be protected from prosecution on a greater charge. Accordingly, we deny the petition.

## FACTUAL AND PROCEDURAL HISTORY

On May 9, 2016, the State charged petitioner Lonnie Sweat by way of criminal complaint with battery constituting domestic violence, a category C felony.[1] Pursuant to negotiations with real party in interest the State of Nevada, Sweat agreed to plead guilty in justice court to one count of battery constituting domestic violence, a misdemeanor, and in district court to one count of battery constituting substantial bodily harm, a felony. In exchange for his pleas, the State agreed to drop the charge of battery constituting domestic violence as a felony.[2] Per the agreement,

---

[1]Battery constituting domestic violence is a felony if the defendant has two or more prior convictions for domestic violence within seven years. Because Sweat had priors in 2010 and 2011, the State opted to proceed as a felony.

[2]This plea agreement allowed Sweat to avoid the mandatory prison term associated with the felony domestic battery while the State was able to secure both a felony conviction, albeit probation eligible, and a more recent and priorable domestic battery conviction.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Sweat pleaded guilty to the misdemeanor battery constituting domestic violence and was immediately sentenced to time served. Sweat also waived his right to a preliminary hearing and was bound over to district court for entry of plea on the felony count of battery causing substantial bodily harm.

Despite his prior agreement with the State, Sweat refused to plead guilty in the district court. As a result, the State filed an amended information pursuant to NRS 173.035, reinstating the original felony battery constituting domestic violence charge that it had dropped pursuant to the terms of the plea agreement. Sweat filed a motion to dismiss, arguing that his misdemeanor conviction in the justice court barred prosecution of the felony offense in the district court. The district court denied Sweat's motion. The district court held that plea agreements are subject to contract principles and that Sweat violated the spirit of negotiations by reneging on the plea agreement. The district court ordered the State to place the misdemeanor matter back on the calendar with the justice court to withdraw adjudication on the misdemeanor charge.

Sweat now petitions this court for a writ of prohibition, alleging that since he has already been convicted of misdemeanor battery in the justice court, the Double Jeopardy Clause protects him from prosecution for felony battery constituting domestic violence in the district court. We disagree.[3]

---

[3]Sweat also argues that this court's decision in *Salazar v. State*, 119 Nev. 224, 70 P.3d 749 (2003), regarding the redundancy doctrine, requires dismissal. Specifically, Sweat relies on *Salazar* for the proposition that the two charges here are redundant because they arise from the same

*continued on next page...*

 

## DISCUSSION

*Sweat's petition should be entertained*

A writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." NRS 34.320. The issuance of the writ is purely discretionary, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and it will generally not issue where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.330. A writ of prohibition is an appropriate vehicle to address double jeopardy claims. *See Glover v. Eighth Judicial Dist. Court*, 125 Nev. 691, 701, 220 P.3d 684, 692 (2009) ("A writ of prohibition will issue to interdict retrial in violation of a defendant's constitutional right not to be put in jeopardy twice for the same offense."). Furthermore, considering the petition can be appropriate to clarify an important issue of law. *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

Here, Sweat asserts that the district court erred by denying his motion to dismiss on double jeopardy grounds. Sweat has another remedy because he could raise the double jeopardy issue on appeal from a judgment of conviction. *See* NRS 177.015; NRS 177.045. However, that

---

*...continued*

conduct. However, this portion of *Salazar* has been overruled. *See Jackson*, 128 Nev. 598, 611, 291 P.3d 1274, 1282 (2012) ("[W]e disapprove of *Salazar*, *Skiba*, *Albitre*, and their 'redundancy' progeny to the extent that they endorse a fact-based 'same conduct' test for determining the permissibility of cumulative punishment."). Accordingly, this portion of Sweat's argument lacks merit.

 

remedy is not adequate to protect the right afforded by the Double Jeopardy Clause—to not be placed twice in jeopardy. Furthermore, Sweat's petition raises an important issue of law that needs clarification—whether a defendant's conviction on a lesser misdemeanor offense in the justice court, as part of a plea agreement with the State, precludes prosecution on a greater felony offense where the defendant has withdrawn from the plea agreement with the State. Accordingly, we exercise our discretion to entertain Sweat's petition.

*The misdemeanor battery constituting domestic violence conviction is a lesser-included offense of the felony domestic violence charge*

The Double Jeopardy Clause, as recognized by the United States Constitution and the Nevada Constitution, "protects against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Jackson v. State*, 128 Nev. at 604, 291 P.3d at 1278; *see* Nev. Const. art. 1, § 8. At issue in this case is the second protection: Sweat argues that he is being prosecuted twice for the same offense.

The same offense is prosecuted where the elements of one offense are entirely included within the elements of a second offense. *Barton v. State*, 117 Nev. 686, 692, 30 P.3d 1103, 1107 (2001), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006); *see also Estes v. State*, 122 Nev. 1123, 1143, 146 P.3d 1114, 1127 ("To determine the existence of a lesser-included offense, this court looks to whether the offense in question cannot be committed without committing the lesser offense." (internal quotation marks omitted)). Here, the elements for the felony offense are identical to those elements required for a misdemeanor offense, with the additional requirement that for it to be

SUPREME COURT
OF
NEVADA

(O) 1947A

5

considered a felony there must be two prior misdemeanors convictions for battery constituting domestic violence within the previous seven years. *See* NRS 33.018; NRS 200.481; NRS 200.485(1)(c). Thus, the misdemeanor offense constitutes "a lesser included offense and the Double Jeopardy Clause prohibits a prosecution for both offenses." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *see also Estes*, 122 Nev. at 1143, 146 P.3d at 1127.

*Sweat waived his double jeopardy claim by accepting a plea agreement and subsequently failing to comply with his obligations under the agreement*

While we agree with Sweat's contention that the misdemeanor charge he pleaded guilty to in the justice court is a lesser-included offense of the felony charge he faces in the district court, we reject his contention that the Double Jeopardy Clause prohibits the State from prosecuting him on the felony under the circumstances.

The United States Supreme Court's decision in *Ricketts* guides our decision in this case. *Ricketts v. Adamson*, 483 U.S. 1, 8 (1987). In *Ricketts*, the defendant was indicted for first-degree murder but pleaded guilty to the lesser offense of second-degree murder in exchange for his testimony against two other suspects. *Id.* at 3. The plea agreement provided that "[s]hould the defendant refuse to testify or should he at any time testify untruthfully . . . then this entire agreement is null and void and the original charge will be automatically reinstated." *Id.* at 4. The state trial court accepted the plea agreement and the proposed sentence, but withheld imposition of the sentence. *Id.* The defendant testified at trial and the two suspects were convicted of first-degree murder. *Id.* While the suspects' convictions and sentences were on appeal, defendant was sentenced as per the terms of the plea agreement. *Id.* However, the

Supreme Court
OF
Nevada

(O) 1947A

6

suspects' convictions and sentences were later reversed by the Arizona Supreme Court and that court remanded their cases for retrial. *Id.*

During the second trial, the defendant was asked to testify as he had during the first trial. *Id.* The defendant refused to testify a second time. *Id.* at 4-5. The State thereafter filed a new information charging the defendant with first-degree murder. *Id.* at 5. The defendant's conviction on the lesser offense was vacated, and he was tried and convicted of first-degree murder. *Id.* at 7.

The United States Supreme Court held that the trial on first-degree murder after the defendant had already pleaded guilty to second-degree murder did not violate double jeopardy principles because the defendant waived his double jeopardy claims when he pleaded guilty and then breached the plea agreement. *Id.* at 11. Although the Court noted that the plea agreement did not explicitly mention the double jeopardy clause or explicitly declare that the defendant would waive his double jeopardy rights if he violated the agreement, it deemed the plea agreement's terms—which stated that the original first-degree murder charges would be automatically reinstated and the parties would be returned to the positions they occupied before the agreement should the defendant breach the plea agreement—to be the functional equivalent of an explicit waiver of the defendant's double jeopardy rights in the event he breached the agreement. *Id.* at 10. The Court stated that "the Double Jeopardy Clause does not relieve [a defendant] from the consequences of [the] choice" to breach a plea agreement. *Id.*

Other courts have similarly held that a defendant waives his double jeopardy rights where he fails to comply with his obligations under a guilty plea agreement, even if the terms of the agreement do not

explicitly address double jeopardy. In *State v. De Nistor*, for example, the Supreme Court of Arizona, without addressing whether the plea bargain notified the defendant of her double jeopardy rights, stated that a defendant "of course waives the jeopardy defense" if the defendant "after acceptance of a guilty plea by the court, moves to withdraw his guilty plea" and the withdrawal is granted. 694 P.2d 237, 242 (Ariz. 1985). Similarly, in *Dutton v. State*, the Alaska Court of Appeals held that reinstatement of third-degree assault charges after defendant was convicted of fourth-degree assault charges, as part of a plea deal, did not violate defendant's double jeopardy rights where defendant withdrew from his plea deal. 970 P.2d 925, 935 (Alaska Ct. App. 1999). This applied although the plea agreement did not explicitly outline waiver of double jeopardy as part of the remedies upon withdrawal of the plea. *Id.* The *Dutton* court stated that "criminal defendants may relinquish their double jeopardy rights by their conduct . . . even though no judicial officer ever explains the double jeopardy consequences of his conduct beforehand." *Id.* at 932. The *Dutton* court held that, under these circumstances, the State could seek rescission of the plea agreement and reinstate the original charges. *Id.* at 933.

We agree, and hold that Sweat waived his right to be free from multiple prosecutions when he voluntarily failed to comply with the terms of his plea agreement with the State. The State agreed to drop the felony battery constituting domestic violence charge and allow Sweat to plead guilty in justice court to the charge of misdemeanor battery constituting domestic violence in exchange for Sweat pleading guilty in the district court to battery resulting in substantial bodily harm. Thus, Sweat only obtained the lesser charge as part of the plea bargain with the State. After he had been sentenced to credit for time served for the misdemeanor

conviction, obtaining one of the benefits of his bargain, Sweat voluntarily failed to follow through with the remaining terms of the plea agreement, then looked to the Double Jeopardy Clause to protect him from the consequences of his decision to back out of the deal. As we stated in *Righetti v. Eighth Judicial District Court*, "[t]he Double Jeopardy Clause was designed to protect defendants from harassment and oppression, not to shield defendants from their decisions to gamble on novel interpretations of law which ultimately prove unsuccessful." 133 Nev., Adv. Op. 7, 388 P.3d 643, 649 (2017) (internal citations omitted).

Accordingly, we deny Sweat's petition.[4]

_____ , J.
Stiglich

We concur:

_____ , J.
Hardesty

_____ J.
Parraguirre

---

[4]We note that this decision is limited to whether Sweat can be *prosecuted* for both the misdemeanor and felony charges. In light of the district court's minute order instructing the State to place the matter back on the calendar with the justice court to withdraw adjudication on the misdemeanor charge, we need not reach the issue of whether Sweat can be *convicted* on both charges.