An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEMEL HANKSTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62442

FILED

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Maline_
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Lemel Hankston's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Hankston contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate witnesses who would have supported a theory of self-defense and failing to present a theory of self-defense at trial, despite Hankston's request that he do so. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the

evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Hankston asserts that had counsel interviewed Shane Harris and Tasha Bradford they would have informed him that at least one of the individuals who approached Hankston before the shooting was armed and with this information counsel could have presented a theory of self-defense, as he requested. The district court conducted an evidentiary hearing, found Bradford's testimony not credible, made no finding regarding Harris or Hankston's testimony, and found credible trial counsel's testimony that Hankston never told him that he acted in self-defense or asked him to seek out any witnesses to present a theory of self-defense. The district court also noted that, while the jury was deliberating at trial, counsel stated that Harris had been contacted by an investigator and had nothing to offer and Hankston acknowledged that either Harris was unable or unwilling to testify. The district court denied Hankston's claims, concluding that counsel was not deficient for presenting a misidentification defense and Hankston failed to demonstrate a reasonable likelihood that the verdict would have otherwise been different because neither Bradford nor Harris actually saw the shooting. *See State v. Love*, 109 Nev. 1136, 1139, 865 P.2d 322, 324 (1993). The record

supports these determinations. We conclude that the district court did not err by denying these claims, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Stefany Miley, District Judge
       Craig W. Drummond
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]Hankston's fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not have 1-inch margins on all four sides. We caution Hankston's counsel, Craig Drummond, that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n).